ELLEN F. ROSENBLUM
Attorney General
MICHAEL R. WASHINGTON  #873679
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Michael.R.Washington@doj.state.or.us

Attorneys for Defendant Cain, DiGiulio, and Gulick

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JORGE CARVAJAL-ECHEAGARY, | Case No.  2:20-CV-00193-AA |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| BRAD CAIN, DR. GARTH GULICK, AND DR. DIGIULIO, ET AL, | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause may exist to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns allegations of medical malpractice and deliberate indifference to serious medical needs. The parties expect to exchange documents and

Page 1 -   STIPULATED PROTECTIVE ORDER

information relating to the Defendants' medical treatment for Plaintiff and personnel matters regarding those Defendants. The parties agree that the entry of this Stipulated Umbrella Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information and to facilitate the resolution of any disputes the parties may have concerning the confidential nature of certain documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.    All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2.    Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.    The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" pages or portions of documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page or portion of the document containing confidential information with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4.    If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

Page 2 -    STIPULATED PROTECTIVE ORDER

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a paper (such as a summary judgment motion or response thereto) is filed with the Court that contains or makes reference to a portion of a document deemed "Confidential" or "Attorneys' Eyes Only," the party filing the paper shall file both (1) an unredacted version of the paper under seal and (2) a redacted version of the paper that redacts any confidential information. The redacted version should *not* be filed under seal. If a party is filing a document some portion(s) of which have been designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. The parties agree that the party filing a document some portion(s) of which have been designated as "Confidential" or "Attorneys' Eyes Only" must, at the time of filing, make a proper showing that the relevant portions of the document should be sealed, and must assess whether redaction is a viable alternative to sealing. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

Page 3 -    STIPULATED PROTECTIVE ORDER

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, the filing party shall abide by the procedures in paragraph 4 above. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.      Sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.      Disclosure of any information, documents, or portions of documents marked "Confidential" shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.      Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b.      In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c.      Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    f.      The authors and the original recipients of the documents.

    g.      Any court reporter or videographer reporting a deposition.

Page 4 -    STIPULATED PROTECTIVE ORDER
MRW/bl2/10262882-v1

h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

i.    Any deponent, but only to the extent that disclosure of the confidential information, documents, or portions of documents is necessary to further the interest of the parties in this litigation,

8.    Disclosure of any information, documents, or portions of documents marked "Attorneys' Eyes Only" shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g), 7(h), and 7(i), unless additional persons are stipulated by counsel or authorized by the Court.

9.    Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c), 7(d), or 7(i) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.    Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

11.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for

Page 5 -    STIPULATED PROTECTIVE ORDER

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.    Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14.    Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

"Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15.     This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.     Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

18.     A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. A party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or discloses the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

Page 7 -    STIPULATED PROTECTIVE ORDER

19.    Andrew Missel, counsel for Plaintiff, and Michael R. Washington, counsel for Defendants, shall have remote, electronic access to all documents filed with the Court, including documents filed under seal.

**IT IS SO STIPULATED** this 25th day of June, 2020.


s/ Andrew R. Missel
ANDREW R. MISSEL #181793          MICHAEL R. WASHINGTON #873679
Of Attorneys for Plaintiffs              Of Attorneys for Defendants

s/ Michael R. Washington

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information.  Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

      DATED:   June 29, 2020

                         /s/Ann Aiken

                        HONORABLE ANN AIKEN
                        U. S. District Court Judge

Submitted by: Michael R. Washington
                 Senior Assistant Attorney General
                 Attorneys for Defendants

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**EXHIBIT A**

I, _____, have been advised by counsel of record for

_____in _____of the

protective order governing the delivery, publication, and disclosure of confidential documents

and information produced in this litigation. I have read a copy of the protective order and agree

to abide by its terms.

_____
Signed

_____
Printed

_____
Name Date

MRW/bl2/10262882-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791